IN THE SUPERIOR COURT



**FILED**

September 03, 2020

**TAMARA CHARLES**
**CLERK OF THE COURT**

**SUPERIOR COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| **PEOPLE OF THE VIRGIN ISLANDS,**<br><br>PLAINTIFFS,<br><br>V.<br><br>**ENOCH J. COLE; AND**<br>**AVONDALE A. GEORGE, JR.**<br><br>DEFENDANTS. | **SX-16-CR-273**<br>**SX-16-CR-274**<br><br>Cite as: 2020 V.I. Super. Ct. 040U |

*NOT FOR PUBLICATION*

**Appearances:**

**Eric Chancellor, Esq.**
V.I. Department of Justice
Kingshill, St. Croix, USVI
*For the People*

**Michael Joseph, Esq.**
Kingshill, St. Croix, USVI
*For Defendant Cole*

**Yohanna Manning, Esq.**
Christiansted, St. Croix, USVI
*For Defendant George*

## MEMORANDUM OPINION

¶1 **THIS MATTER** is before the Court on the Defendants' individual Motions for Judgment of Acquittal or for New Trial. On December 3, 2019, after the close of the People's case-in-chief, Defendants Cole and George each made and joined the other's oral Rule 29 and 33 Motion for Judgment of Acquittal or in the Alternative for New Trial. The Court denied the motions though each motion was renewed before instructions were given to the jury. Cole submitted a joinder to George's renewed motion in writing on December 19, 2019. As the Court understands it, George joined Cole's renewed motion at trial. The People filed an Opposition to Defendant George's motion on December

*Government of the Virgin Islands v. Cole, et al.*
SX-2016-CR-273
SX-2016-CR-274
**OPINION**
Page 2 of 10

2020 V.I. Super. Ct. 040U

23, 2019. Although the People do not appear to respond to Cole's motion, each motion was made on the same grounds and the Court will consider them together.

## BACKGROUND

¶2     On August 17, 2015 the Virgin Islands Police Department was alerted to an alleged robbery at David Hamilton Jackson Park in Frederiksted. Detective Lawrence James, Jr. arrived at David Hamilton Jackson Park and observed an elderly man lying face-up on the ground, unconscious. The elderly man, later identified as Augustus Bannis, was observed to have swelling around his left eye and a laceration beneath the left eye, and was bleeding from the right side of his head. Emergency Medical Technicians arrived and transferred Mr. Bannis to Governor Juan F. Luis Hospital where he received medical treatment. Mr. Bannis was in a coma and airlifted to Jackson Memorial Hospital in Miami, Florida on August 23, 2015. He died of his injuries on October 19, 2015, having never regained consciousness.

¶3     On September 1, 2015, police recovered a blue Chevrolet Cavalier belonging to Mr. Bannis from the area of Mutual Homes Apartment, Grove Place, Frederiksted. The car had been dismantled. Upon speaking to concerned citizens in Grove Place, Detective James discovered that there was a group of young men who socialized together. Several names were given to Detective James, including those of the Defendants.

¶4     On September 23, 2015, a witness, Melissa Banuelos, came forward and stated to police that she had seen four individuals personally known to her attack Mr. Bannis at David Hamilton Jackson Park. Two perpetrators of the attack were identified by Ms. Banuelos as the Defendants, who were minors at the time. According to Ms. Banuelos, another member of the group initiated the attack by grabbing Mr. Bannis by his neck while appearing to speak to him. The initial attacker pulled a black object from his pocket and used it to strike Mr. Bannis in the face. Mr. Bannis fell to the ground and the other three attackers began kicking Mr. Bannis repeatedly, including around his head and upper

*Government of the Virgin Islands v. Cole, et al.*
SX-2016-CR-273
SX-2016-CR-274
**OPINION**
Page 3 of 10

2020 V.I. Super. Ct. 040U

body. Ms. Banuelos testified that the Defendants kicked Mr. Bannis until he stopped moving and then appeared to search his pockets. The Defendants then got into a blue Chevrolet Cavalier and drove away.

¶5    On September 24, 2015, Detective James showed four photo arrays to Ms. Banuelos and asked if she could identify anyone in the arrays. She identified the Defendants and the two other men already identified by name. As a result, the Defendants were arrested on November 12, 2015. On September 9, 2016, the Defendants were transferred from Juvenile Court to the Criminal Division. The People charged each of the Defendants as follows:

> Count One: Murder in the First Degree/Principals in violation of 14 V.I.C. § 922(2) & 11(a);
> Count Two: Robbery in the First Degree/Principals in violation of 14 V.I.C. § 1862(1) & 11(a);
> Count Three: Assault in the First Degree/Principals in violation of 14 V.I.C. § 295(3) & 11(a); and
> Count Four: Unauthorized Use of a Motor Vehicle/Principals in violation of 14 V.I.C. § 1382 & 11(a).

¶6    Jury trial began on December 2, 2019. On December 3, the People filed their Second Amended Information which added charge of Murder in the Second Degree in violation of 14 V.I.C. § 922(b) as the new Count Two and lesser-included offense of Murder in the First Degree.[1] The jury began deliberations on December 4, 2019 and returned a verdict on the same day. Each Defendant was found not guilty of Murder in the First Degree, but was found guilty of all other charges. The Defendants have based their Motions for Judgment of Acquittal on the grounds that there is insufficient evidence to convict them of the crimes alleged.

¶7    In their Opposition to Defendant George's motion, the People assert that he "makes no factual or legal argument to support" his motion. (Opp'n 1.) The People also argue that "the jury's finding was reasonable and not in any way a miscarriage of justice." (*Id.*) Evidence was presented at trial,

---

[1] Thereafter, the charges were as follows: Count One--Murder First Degre; Count Two--Murder Second Degree; Count Three--Assault First Degree; Count Four--Robbery First Degree; Count Five--Unauthorized Use of a Vehicle.

*Government of the Virgin Islands v. Cole, et al.*
SX-2016-CR-273
SX-2016-CR-274
**OPINION**
Page 4 of 10

2020 V.I. Super. Ct. 040U

through eyewitness testimony, that Mr. Bannis was in David Hamilton Jackson Park on August 17, 2015 where he was then attacked by the Defendants and two others who proceeded to kick him. (*Id.*) The eyewitness also testified that the Defendants took Mr. Bannis' car and drove away in it. (*Id.*at 2.) It was also stipulated during trial that Mr. Bannis died of the traumatic injuries he sustained that day. (*Id.*)

## STANDARD OF LAW

¶8 Pursuant to Rule 29 of the Virgin Islands Rules of Criminal Procedure, the Court must "enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." V.I.R. Crim. P. 29(a). When considering challenges to the sufficiency of the evidence, the question is "whether any reasonable jury, when viewing the evidence in the light most favorable to the government, could find the defendant guilty beyond a reasonable doubt." *Merrifield v. People of the Virgin Islands*, 56 V.I. 769, 774 (Sup. Ct. 2012) (citing *Smith v. People of the Virgin Islands*, 51 V.I. 396, 397-98 (Sup. Ct. 2009). *See McIntosh v. People of the Virgin Islands*, 57 V.I. 669, 678 (Sup. Ct. 2012) (stating that the standard of review is "'whether there is substantial evidence, when viewed in the light most favorable to the government, to support the jury's verdict'"). A verdict may be upheld even when it is based on circumstantial evidence. *James v. People of the Virgin Islands*, 59 V.I. 866, 877 (S. Ct. 2013) (finding that a lack of eyewitnesses does not equate to a lack of evidence sufficient for a conviction, because the jury makes judgments about which witnesses are credible and worth believing).

¶9 Under Rule 34 of the Virgin Islands Rules of Criminal Procedure, a "defendant must move to arrest judgment within 30 days after the court accepts a verdict or finding of guilty...." V.I.R. Crim. P. 34(b). The Court must arrest judgment if the offense was not charged in the information or if the Court does not have jurisdiction over the charged offense. V.I.R. Crim. P. 34(a).

## DISCUSSION

*Government of the Virgin Islands v. Cole, et al.*
SX-2016-CR-273
SX-2016-CR-274
**OPINION**
Page 5 of 10

2020 V.I. Super. Ct. 040U

### 1. The Court has jurisdiction over all counts.

¶10    In *People of the Virgin Islands v. Morton*, 57 V.I. 72 (V.I. Super. 2012), the Court dealt with

a Rule 34 motion to arrest judgment. As in the present matter, the defendant *Morton* did not produce

any evidence in support of the motion. The Court found that:

> Although timely, Defendant's motion for an arrest of judgment suffers from the lack of
> a scintilla of evidence to warrant relief...Other than his bald request for an "arrest of
> judgment", [the Defendant] does not identify any legal standard, authority, or justifiable
> ground recognized by law to support his request. Defendant's motion is also bereft of
> any proof that the Information fails to charge an offense. Moreover, subject matter
> jurisdiction is conferred upon this Court pursuant to Section 22(b) of the Revised
> Organic Act, as amended, and Title 4, Section 76(b) of the Virgin Islands Code, which
> vests this Court with "original jurisdiction in criminal matters." Ergo, the Defendant
> has failed to satisfy the requirements of Rule 34, and this Court must reject Defendant
> Morton's demand for an arrest of judgment.

57 V.I. 90-91.

¶11    Likewise, this Court finds that the Defendants have failed to proffer any cognizable legal

standard or evidence. This failure defeats the Defendants' requests for arrest of judgment. The Court

has jurisdiction over the charged offenses via Title 4, Section 76(b) of the Virgin Islands Code, and

there is nothing to suggest that the Amended Information was deficient or otherwise improper,

especially since Murder in the Second Degree was properly included as a lesser-included offense of

Murder in the First Degree. The Court will therefore deny any request for arrest of judgment pursuant

to Rule 34 of the Virgin Islands Rules of Criminal Procedure.

### 2. There is sufficient evidence to convict Defendants Cole and George of Murder in the Second Degree.

¶12    For Count Two, the Defendants were each found guilty of the crime charged, Murder in the

Second Degree. Where Murder in the First Degree includes murders that are committed with malice

aforethought, Murder in the Second Degree encompasses all other killings. 14 V.I.C. § 922(b). Melissa

Banuelos was in the vicinity of David Hamilton Jackson Park in Frederiksted where she observed a

group of males together. She testified that another man, identified as Mr. Bannis, was in the park and

*Government of the Virgin Islands v. Cole, et al.*
SX-2016-CR-273
SX-2016-CR-274
**OPINION**
Page 6 of 10

2020 V.I. Super. Ct. 040U

that one member of the group went over to Mr. Bannis and grabbed him. Ms. Banuelos also testified that this initial attacker struck the victim with an object so that he fell to the ground where he was repeatedly kicked by the other members of the group, including the Defendants. When the attack was over, the Defendants were seen driving away in the victim's car. Ms. Banuelos was familiar with the attackers and was able to identify the Defendants to police prior to seeing photo arrays.

¶13     The jury also heard the testimony of Detective James he responded to the incident he found Mr. Bannis lying on the ground injured. It was stipulated that Mr. Bannis died of the injuries he sustained in the attack.

¶14     In this case, the Defendants' convictions for Count Two will be upheld because the jury's conclusion that the Defendants' committed Murder in the Second Degree is reasonable after viewing the evidence in a light favorable to the People. Testimony revealed that there was an altercation between Mr. Bannis and the Defendants at David Hamilton Jackson Park and that Mr. Bannis was seen by an eyewitness to have sustained grievous injuries in the altercation. Moreover, the eyewitness knew the identities of the attackers and was able to name them. The jury can therefore conclude that the Defendants participated in the attack on Mr. Bannis, causing his fatal injuries, but did not necessarily kill Mr. Bannis in a manner indicating malice aforethought. For these reasons, the verdict will be upheld as to Count Two.

### 3. There is sufficient evidence to convict Defendants Cole and George of Robbery in the First Degree.

¶15     In Count Three, the Defendants were convicted of Robbery in the First Degree, which involves causing incapacitating physical injury in the course of unlawfully taking property from the possession of another by means of force or fear. 14 V.I.C. § 1861; 14 V.I.C. § 1862. Eyewitness testimony established that the Defendants repeatedly kicked Mr. Bannis to the point where he became unresponsive and ultimately died comatose. After the attack the Defendants were seen rifling through

*Government of the Virgin Islands v. Cole, et al.*
SX-2016-CR-273
SX-2016-CR-274
**OPINION**
Page 7 of 10

2020 V.I. Super. Ct. 040U

Mr. Bannis' pockets before driving away in his car, the blue Chevrolet Cavalier. The car was later recovered by police after it was stripped by unknown parties.

¶16     The Court will uphold the Defendants' convictions for Robbery because the evidence supports the conclusion of a reasonable jury that the Defendants inflicted an incapacitating injury on Mr. Bannis in the course of stealing his car.

### 4. There is sufficient evidence to convict Defendants Cole and George of Assault in the First Degree, but the Court may not impose a sentence.

¶17     The Defendants were also convicted of Count Four, Assault in the First Degree, which is assault with the intent to commit murder. 14 V.I.C. § 295. "Assault" is the attempt to commit a battery or "a threatening gesture showing in itself an immediate intention coupled with an ability to commit a battery." 14 V.I.C. § 291. Based on the testimony and evidence outlined above, it is entirely reasonable for the jury to conclude that the Defendants committed this offense.

¶18     In addition to beating Mr. Bannis, the eyewitness testified that the Defendants left Mr. Bannis on the ground of David Hamilton Jackson Park. From Detective James' testimony, Mr. Bannis was unconscious when he arrived on the scene and was injured. Mr. Bannis never regained consciousness before his death, which was caused by the severity of the injuries received in the attack. This evidence weighs heavily in favor of finding that the Defendants assaulted Mr. Bannis by threatening, attempting, and completing a battery. § 291; 14 V.I.C. § 292. The jury can infer from the method and brutality of the attack, and the lack of care afterward, that the Defendants intended to kill Mr. Bannis. In sum, the evidence elicited at trial is more than sufficient to sustain the convictions for Assault in the First Degree.

¶19     However, pursuant to Title 14, Section 104 of the Virgin Islands Code, an act that is punishable under multiple provisions of law may only be punished under a single provision. 14 V.I.C. §104. "'[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision

*Government of the Virgin Islands v. Cole, et al.*
SX-2016-CR-273
SX-2016-CR-274
**OPINION**
Page 8 of 10

2020 V.I. Super. Ct. 040U

requires proof of a fact which the other does not.'" *People v. Vergile*, 50 V.I. 127, 134-45 (S. Ct. 2008). The Supreme Court of the Virgin Islands has also determined that "'[u]nder the merger doctrine, an underlying felony which results in the homicide or which is an integral part of the homicide cannot be used as the predicate felony to support a felony murder conviction.'" *Heyliger v. People of the Virgin Islands*, 66 V.I. 340, 356-57 (S. Ct. 2017).

¶20     In this case, Assault in the First Degree is felony assault with the intent to commit murder. 14 V.I.C. § 295(1); 14 V.I.C. § 922(a)(2). As per the merger doctrine, assault with intent to commit murder is an underlying felony that resulted in homicide (although Murder in the Second Degree is not felony murder). Given the circumstances of this case, it is impossible that the Defendants committed murder in the manner they did without also committing Assault in the First Degree. In contrast, Robbery in the First Degree does not merge because even though Robbery is a felony underlying the murder, Robbery involves proof of a fact which Murder in the Second Degree does not require: that the Defendants unlawfully took Mr. Bannis' personal property, namely his vehicle. The Defendants could have murdered Mr. Bannis without stealing from him. As such, it is proper to impose punishment for Count Three, Robbery in the First Degree, but not for Count Four, Assault in the First Degree because to do so would impose punishment for a merged offense.

### 5. There is sufficient evidence to convict Defendants Cole and George of Unauthorized Use of a Motor Vehicle.

¶21     The Defendants final conviction is for Unauthorized Use of a Motor Vehicle in violation of Title 14, Section 1382 of the Virgin Islands Code. In other words, the Defendants were convicted of taking, being in possession of, and driving Mr. Bannis vehicle without his permission and with intent to deprive him of it. 14 V.I.C. § 1382.

¶22     Here, testimony revealed that after attacking Mr. Bannis the Defendants searched his person and then entered a blue Chevrolet Cavalier and drove away from the crime scene. As noted above, the Chevrolet Cavalier has been identified as the vehicle belonging to Mr. Bannis. After reviewing the

*Government of the Virgin Islands v. Cole, et al.*
SX-2016-CR-273
SX-2016-CR-274
**OPINION**
Page 9 of 10

2020 V.I. Super. Ct. 040U

evidence in a light most favorable to the People, it is reasonable for the jury to have found the Defendants guilty of Count Five. The jury may presume that the Defendants were searching Mr. Bannis for his car keys and that their taking of the car was unlawful and without consent because Mr. Bannis had been violently beaten by the Defendants immediately beforehand. It is very unlikely that Mr. Bannis gave consent to the beating or to having his vehicle taken from his possession and subsequently stripped down by unknown parties. The convictions for Count Five will be upheld.

## CONCLUSION

¶23    In sum, the Court has jurisdiction over all charges leveled against the Defendants and can find no reason to arrest judgment. The Court has also reviewed all the evidence in a light most favorable to the People and determined that there is sufficient evidence--particularly in the form of eyewitness testimony--to uphold the Defendants' convictions on all charges. However, Assault in the First Degree merges with Murder in the Second Degree and at sentencing the Court will not impose a sentence for Assault in the First Degree. Accordingly, it is hereby:

   **ORDERED** that the Defendants' Motions for Judgment of Acquittal or for New Trial are **DENIED** consistent with the above opinion.


   **DONE and so ORDERED this** 3rd **day of** Sept, **2020.**

**ATTEST:**
Tamara Charles
Clerk of the Court

By: _____
      Court Clerk Supervisor II
Dated: _September 4, 2020_

HAROLD W.L. WILLOCKS
**Presiding Judge of the Superior Court**